**Dorothy ABBOTT, Cheryl Ann Bozzay, Kevin James Abbott, James Michael Abbott, Katy Ann Milkaski, and Michael Joseph Abbott, Appellees,**

v.

**BABCOCK & WILCOX COMPANY, Armstrong World Industries, Fiberboard Corporation, Pittsburgh Corning Corp., Eagle–Picher Industries Inc., Owens Corning Fiberglass Corp., GAF Corporation, Keene Corporation, Rock Wool Manufacturing Co., Nicolet Inc., Carey Canada Inc., H.K. Porter Company Inc., Raybestos–Manhattan Inc., Owens–Illinois Inc., The Celotex Corporation, and Combustion Engineering, Inc., Appellants.**

No. 89–2096.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1990.
Decided June 4, 1990.

**202**

Dennis Babb, Knoxville, Tenn., for appellants.

Thomas H. Hart, III, Barnwell, S.C., for appellees.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and DUMBAULD,* Senior District Judge.

PER CURIAM.

This cause of action was brought by the wife and children of Edwin Abbott for his wrongful death pursuant to Missouri law, claiming that he died from lung cancer caused by his occupational exposure to asbestos as an insulator. The defendant in this case was one of several who were alleged to have been providing asbestos products that were used by Mr. Abbott in his work. Settlements were reached with the other named defendants and the case proceeded to trial against the Celotex Corporation. A jury verdict resulted in a judgment in favor of the plaintiffs in the amount of $1,532,000, later reduced by the court in the amount of $286,500 which was previously received from settlements from the other defendants. Defendant Celotex appeals contending that a directed verdict should have been entered in its favor and also complains about the hypothetical question posited to the plaintiff's expert. Celotex argues evidentiary error as well. We affirm.

## I. BACKGROUND

Celotex was sued in December 1986 by the survivors of Edwin Abbott (collectively "the Abbotts") for his wrongful death. Their complaint charged the defendant with Mr. Abbott's exposure to their asbestos products over the course of his career as an insulator, which exposure later contributed to his lung cancer death. Celotex was sued as the successor to Philip Carey Company, for whose liabilities Celotex is now responsible.

The case went to jury trial before a magistrate [1] by consent of the parties. The trial was bifurcated into one of causation and compensatory damages, then liability and punitive damages. After the jury returned a verdict of some $1.5 million after the first phase, Celotex decided not to contest its liability and avoided the second phase of trial. After the magistrate reduced the jury award to reflect the earlier settlements and denied Celotex's post-trial motions, Celotex timely took this appeal.

## II. DISCUSSION

Our review of denial of a directed verdict motion is the same on appeal as it is before the trial court: could the evidence, viewed in a light most favorable to the nonmoving party, lead reasonable jurors to conclude only in favor of the movant. *Williams v. Ryder/P.I.E. Nationwide, Inc.*, 786 F.2d 854, 857 (8th Cir.1986). The question in this case is whether the evidence presented at trial could only lead reasonable jurors to the conclusion that Mr. Abbott's death was not caused by asbestos exposure for which

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

his survivors could be compensated. However, if the evidence was sufficient to create a fact question for the jury, a directed verdict was rightly denied Celotex.

Celotex has framed the question somewhat differently, focusing on what it argues are errors in the hypothetical question and answer of the Abbotts' expert. Nevertheless, its argument requires the same analysis from us with respect to a directed verdict—would the evidence lead inescapably to judgment for Celotex. We do not think so.

The evidence of Mr. Abbott's contact with asbestos products came from two primary sources: his own work records which he logged in journals and the testimony of his co-workers. Without reciting the evidence, but viewing it in the Abbotts' favor, we note that it revealed that Mr. Abbott had contact with asbestos products throughout his career as an insulator, and in particular that he had contact with Carey's products on different occasions totalling somewhere between three and one-half years to ten years.

The Abbotts' expert, Dr. Tuteur, was asked a hypothetical on direct examination wherein he was asked to assume that Mr. Abbott was exposed to Carey asbestos products "... at various times; according to one witness, over a ten-year period, and at various times, by other witnesses." Transcript Vol. II at 115–16, Appellant's Brief at 9. In response to the hypothetical, Dr. Tuteur was of the opinion that exposure to Carey asbestos products had been a contributing factor to the lung cancer death of Mr. Abbott.

Celotex alleges error which warranted a directed verdict in two respects, 1) that there was no evidence that Mr. Abbott had been exposed for ten years to Carey products, therefore the hypothetical question was not supported by the evidence and 2) that Dr. Tuteur's response could only support a finding of contributing cause, not substantial cause, therefore the evidence

could not make a case submissible to the jury. These arguments are unpersuasive.

■ With respect to the first of Celotex's points we note that there was evidence that Mr. Abbott was exposed to Carey products at various times and intervals for possibly as long as ten years. There was also evidence that he was exposed for considerably less time. The hypothetical asked of Dr. Tuteur reflects that one witness indicated exposure of ten years and others indicated other lengths of time. The fact that the evidence was disputed on this point does not force the conclusion that the hypothetical was based on facts not in evidence. We do not resolve factual disputes on appeal, and all hypotheticals are based on at least some disputed facts. In some sense this is an issue of credibility which must be left to the jury—whether the exposure time was three or ten years and whether Dr. Tuteur's opinion was credible based on the exposure time he was asked to assume.[2] Construing the evidence in the Abbotts' favor, we cannot conclude that because the evidence of the length of Mr. Abbott's exposure to Carey products was disputed that Dr. Tuteur's opinion was inadmissible and the remaining evidence required that a verdict be directed for Celotex.

■ With respect to Celotex's argument that Dr. Tuteur's response was deficient because he concluded that Carey's products were a contributing factor in Mr. Abbott's death, we will assume without deciding that the law does require that a contributing factor *substantially* contribute in a death to incur liability under Missouri law. Thus, where Dr. Tuteur said only that Carey products were a contributing factor in Mr. Abbott's death, there is room for reasonable minds to conclude that Carey products were not a *substantially* contributing factor in his death. But there is room to conclude that they were. This is a point best argued to a jury, not an appellate court. That there is room to conclude that Carey products did not substantially contribute to the death of Mr. Abbott does not

---

**2.** It appears to us that this would have been an ideal subject for cross-examination. For example, "What would your opinion be, Doctor, if

Mr. Abbott's exposure to Carey products had been at most three years?"

mean that that conclusion will prevail with the jury (as it obviously did not in this case), much less that that conclusion requires a directed verdict.

Celotex does not claim that the jury was wrongly instructed on the law, which would be quite a different matter. Celotex claims only that the evidence compelled taking the case from the jury because Dr. Tuteur did not use the term of art, "substantially contributing factor," in his opinion. We disagree. Certainly Dr. Tuteur's answer gave way for a deft closing argument to the jury that the Abbotts' own expert said that Carey products did not "substantially" contribute to Mr. Abbott's death as Missouri law might require, but his answer makes no case for us to declare as a matter of law that the evidence points only to a directed verdict for Celotex. The case properly went to the jury for resolution.

█ Finally we address Celotex's contention that the magistrate abused his discretion by allowing into evidence a much-abbreviated videotape deposition of Mr. Abbott made two weeks prior to his death. We have considered Celotex's points for error and conclude that they are without merit. The magistrate did not abuse his discretion.

## III. CONCLUSION

The judgment of the trial court is affirmed.